**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| AGIS SOFTWARE DEVELOPMENT LLC, | § | Case No. |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| WECHAT INTERNATIONAL PTE. LTD. | § | |
| and TENCENT HOLDINGS LIMITED, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AGIS Software Development LLC ("AGIS Software" or "Plaintiff") files this Complaint against Defendants WeChat International Pte. Ltd. and Tencent Holdings Limited (collectively, "WeChat" or "Defendants") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1.      Plaintiff AGIS Software is a limited liability company, organized and existing under the laws of the State of Texas, and maintains its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.  AGIS Software is the owner of all right, title, and interest in and to U.S. Patent Nos. 8,213,970, 9,445,251, 9,467,838, 9,820,123, and 9,749,829 (the "Patents-in-Suit").

2.      On information and belief, Defendant WeChat International Pte. Ltd. is a corporation organized under the laws of Singapore, having a principal place of business at 10 Anson Road, #21-07 International Plaza, Singapore 079903. On information and belief, Defendant may be served pursuant to the provisions of the Hague Convention.

3.     On information and belief, Defendant Tencent Holdings Limited is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Tencent Binhai Building, No. 33, Haitian Second Road, Nanshan District, Shenzhen, 518054.

4.     On information and belief, Defendants directly and/or indirectly develop, design, manufacture, distribute, market, offer for sale, and/or sell infringing products and services in the United States, including in the Eastern District of Texas, and otherwise direct infringing activities to this District in connection with their products and services.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6.     This Court has specific and personal jurisdiction over Defendants in this action because Defendants have committed acts within this Judicial District giving rise to this action and have established minimum contacts with this forum, such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  Defendants conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States by, among other things, offering to sell and selling products and/or services that infringe the Patents-in-Suit.  Defendants have purposefully and voluntarily availed themselves of the privileges of conducting business in the United States, the State of Texas, and this District by continuously and systematically placing goods into the stream of commerce through an established distribution

channel with the expectation that they will be purchased by consumers in this District.  Defendants, directly and or through intermediaries (including distributors, sales agents, and others) ship, distribute, sell, offer to sell, imports, advertise, make, and/or use their products (including but not limited to the products accused of infringement here) in the United States, the State of Texas, and this District.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have regular and established places of business in this Judicial District. Defendants, through their own acts and/or through the acts of others, make, use, sell, distribute, export from, import, and/or offer to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with this Judicial District, such that this venue is a fair and reasonable one.

## PATENTS-IN-SUIT

8.     On July 3, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,213,970 (the "'970 Patent") entitled "Method of Utilizing Forced Alerts for Interactive Remote Communications."  On September 1, 2021, the United States Patent and Trademark Office issued an Inter Partes Review Certificate for the '970 Patent cancelling claims 1 and 3-9.  On December 9, 2021, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate for the '970 Patent determining claims 2 and 10 (as amended) and claims 11-13 to be valid and patentable.  A true and correct copy of the '970 Patent, which includes the September 1, 2021 Inter Partes Review Certificate and the December 9, 2021 Ex Parte Reexamination               Certificate,               is               available               at: https://ppubs.uspto.gov/pubwebapp/external.html?q=8,213,970.pn.&db=USPAT.

9.      On September 13, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,445,251 (the "'251 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."  On June 8, 2021, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate of the '251 Patent determining claims 1-35 to be valid and patentable.  A true and correct copy of the '251 Patent, which includes the June 8, 2021 Ex Parte Reexamination Certificate, is available at: https://ppubs.uspto.gov/pubwebapp/external.html?q=9,445,251.pn.&db=USPAT.

10.     On October 11, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,467,838 (the "'838 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks." On May 27, 2021, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate of the '838 Patent determining claims 1-84 to be valid and patentable.  A true and correct copy of the '838 Patent, which includes the May 27, 2021 Ex Parte Reexamination Certificate, is available at: https://ppubs.uspto.gov/pubwebapp/external.html?q=9,467,838.pn.&db=USPAT.

11.     On November 14, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,820,123 (the "'123 Patent") entitled "Method to Provide Ad Hoc and Password Protected Digital and Voice Networks."  On September 24, 2021, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate for the '123 Patent confirming the validity and patentability of claims 1-48.  A true and correct copy of the '123 Patent, which includes the September 24, 2021 Ex Parte Reexamination Certificate, is available at: https://ppubs.uspto.gov/pubwebapp/external.html?q=9,820,123.pn.&db=USPAT.

12.     On August 29, 2017, the United States and Trademark Office duly and legally issued U.S. Patent No. 9,749,829 (the "'829 Patent") entitled "Method to Provide Ad Hoc and

Password Protected Digital and Voice Networks."  On August 16, 2021, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate for the '829 Patent confirming the validity and patentability of claims 1-68.  A true and correct copy of the '829 Patent, which includes the August 16, 2021 Ex Parte Reexamination Certificate, is available at: https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9749829.

13.     AGIS Software is the sole and exclusive owner of all rights, title, and interest in the Patents-in-Suit, and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  AGIS Software also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

14.     Malcolm K. "Cap" Beyer, Jr., a graduate of the United States Naval Academy and a former U.S. Marine, is the CEO of AGIS Software and a named inventor of the AGIS Software patent portfolio.  Mr. Beyer founded Advanced Ground Information Systems, Inc. ("AGIS, Inc.") shortly after the September 11, 2001 terrorist attacks because he believed that many first responder and civilian lives could have been saved through the implementation of a better communication system.  He envisioned and developed a new communication system that would use integrated software and hardware components on mobile devices to give users situational awareness superior to systems provided by conventional military and first responder radio systems.

15.     AGIS, Inc. developed prototypes that matured into its LifeRing system.  LifeRing provides first responders, law enforcement, and military personnel with what is essentially a tactical operations center built into hand-held mobile devices.  Using GPS-based location technology and existing or special-purpose cellular communication networks, LifeRing users can

5

exchange location, heading, speed, and other information with other members of a group, view each other's locations on maps and satellite images, and rapidly communicate and coordinate their efforts.

16. AGIS Software was formed in 2017 and has since opened two offices in Texas, including one office located at 2226 Washington Avenue, #2, Waco, Texas 76702. AGIS Software also maintains a data center in Texas.

17. Mr. Beyer has maintained longstanding ties to Texas and the Eastern District. In 1987, Mr. Beyer founded Advanced Programming Concepts, an Austin-based company focused on real-time tactical command and control systems. Advanced Programming Concepts was later acquired by Ultra Electronics, Inc. and is now the Advanced Tactical Systems unit of Ultra Electronics, Inc., which is still based in Austin, Texas.

18. AGIS Software licenses its patent portfolio, including the '970, '251, '838, '123, and '829 Patents, to AGIS, Inc. AGIS, Inc. has marked its products accordingly. AGIS Software and all previous assignees of the Patents-in-Suit have complied with the requirements of 35 U.S.C. § 287(a).

19. Defendant has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, distributing, exporting from, and/or importing, and by actively inducing others to make, use, sell, offer to sell, distribute, export from, and/or import products that infringe the Patents-in-Suit. Such products include at least the WeChat application (the "Accused Products").[1] The Accused Products infringe each of the Asserted Patents.

---

[1] *See, e.g.*, https://www.wechat.com/; https://web.wechat.com/uklccp?lang=en_US&t=v2/index; https://pc.weixin.qq.com/?lang=en_US; https://play.google.com/store/apps/details?id=com.tencent.mm&hl=en_US; https://apps.apple.com/us/app/wechat/id414478124.

20.     The Accused Products include functionalities that allow users to form and/or join networks or groups, share and view locations with other users, display symbols corresponding to locations (including locations of other users) on a map, and communicate with other users via text, voice, and multimedia-based communication.   Additionally, the Accused Products include functionalities to allow users to form and/or join networks or groups.   Additionally, the users may form groups that include their own devices in order to track their own lost or stolen devices, as shown below; to send and receive communications from their own lost or stolen Accused Products; and to remotely control the lost or stolen Accused Products.   The Accused Products include the functionalities to display map information, including symbols corresponding with users, entities, and locations.   Additionally, the Accused Products include functionalities to form groups that include their own devices in order to track, remotely monitor and control, and/or communicate with other users' devices.   The Accused Products include functionalities to enable communications, such as voice calls between users.   The Accused Products practice the claims of the Asserted Patents to improve user experiences and to improve Defendants' position in the market.



2



3



4

## COUNT I
### (Infringement of the '970 Patent)

21.     Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

22.     AGIS Software has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, distribute, export from, or import any Accused Products and/or products that embody the inventions of the '970 Patent.

23.     Defendants infringe, contribute to the infringement of, and/or induce infringement of the '970 Patent by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States products and/or methods covered by one or more claims of the '970 Patent including, but not limited to, the Accused Products.

24.     Defendants have and continue to directly infringe at least claim 10 of the '970 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

25.     Defendants have and continue to indirectly infringe at least claim 10 of the '970 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '970 Patent.  For example, Defendants, with knowledge that the Accused Products infringe the '970 Patent at least as of the

---

[2] https://apps.apple.com/us/app/wechat/id414478124
[3] https://apps.apple.com/us/app/wechat/id414478124?platform=ipad
[4]
https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwechat.com%26utm_medium%3Ddesktop

date of this Complaint, actively, knowingly, and intentionally induced, and continues to knowingly and intentionally induce direct infringement of the '970 Patent in violation of 35 U.S.C. § 271(b). Alternatively, Defendants believed there was a high probability that others would infringe the '970 Patent but remained willfully blind to the infringing nature of others' actions.

26.   For example, Defendants have indirectly infringed and continue to indirectly infringe at least claim 10 of the '970 Patent in the United States because Defendants' customers use the Accused Products, including at least the WeChat applications and/or services, alone or in conjunction with additional Accused Products, in accordance with Defendants' instructions and thereby directly infringe at least claim 10 of the '970 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: https://apps.apple.com/us/app/wechat/id414478124; https://apps.apple.com/us/app/wechat/id414478124?platform=ipad                                          ; https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwecha t.com%26utm_medium%3Ddesktop;   https://apps.microsoft.com/detail/xpfckbrnfzq62g?hl=en-us&gl=US;      https://help.wechat.com/oshelpcenter;      https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=&Channel=; https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&lang=en&plat=android&id=1703037JBzqu1703037vue22&Channe l=WeChatOfficialWebsite                    ;                    https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384                    ;                    https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici

alWebsite&detail=1004384; and Defendants' agents and representatives located within this Judicial District.  Defendants are thereby liable for infringement of the '970 Patent under 35 U.S.C. § 271(b).  Alternatively, Defendants believed there was a high probability that others would infringe the '970 Patent but remained willfully blind to the infringing nature of others' actions.

27.     For example, Defendants directly infringe and/or indirectly infringe by instructing their customers to infringe by performing claim 10 of the '970 Patent, including: a method of receiving, acknowledging and responding to a forced message alert from a sender PDA/cell phone to a recipient PDA/cell phone, wherein the receipt, acknowledgment, and response to said forced message alert is forced by a forced message alert software application program, said method comprising the steps of: receiving an electronically transmitted electronic message; identifying said electronic message as a forced message alert, wherein said forced message alert comprises a voice or text message and a forced message alert application software packet, which triggers the activation of the forced message alert software application program within the recipient PDA/cell phone; transmitting an automatic acknowledgment of receipt to the sender PDA/cell phone, which triggers the forced message alert software application program to take control of the recipient PDA/cell phone and shows the content of the text message and a required response list on the display recipient PDA/cell phone or to repeat audibly the content of the voice message on the speakers of the recipient PDA/cell phone and show the required response list on the display recipient PDA/cell phone; and transmitting a selected required response from the response list in order to allow the message required response list to be cleared from the recipient's cell phone display, whether said selected response is a chosen option from the response list, causing the forced message alert software to release control of the recipient PDA/cell phone and stop showing the content of the text message and a response list on the display recipient PDA/cell phone and/or stop

repeating the content of the voice message on the speakers of the recipient PDA/cell phone; displaying the response received from the PDA cell phone that transmitted the response on the sender of the forced alert PDA/cell phone; and providing a list of the recipient PDA/cell phones that have automatically acknowledged receipt of a forced alert message and their response to the forced alert message; and displaying a geographical map with georeferenced entities on the display of the sender PDA/cell phone; obtaining location and status data associated with the recipient PDA/cellphone; and presenting a recipient symbol on the geographical map corresponding to a correct geographical location of the recipient PDA/cellphone based on at least the location data. For example, the Accused Products include features as shown below.



5

28.    AGIS Software has suffered damages as a result of Defendants' direct and indirect infringement of the '970 Patent in an amount to be proved at trial.

29.    AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '970 Patent for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '251 Patent)

30.    Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

---

5 https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter

31.     AGIS Software has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, distribute, export from, or import any Accused Products and/or products that embody the inventions of the '251 Patent.

32.     Defendants infringe, contribute to the infringement of, and/or induce infringement of the '251 Patent by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States products and/or methods covered by one or more claims of the '251 Patent including, but not limited to, the Accused Products.

33.     Defendants have and continue to directly infringe at least claim 24 of the '251 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

34.     Defendants have and continue to indirectly infringe at least claim 24 of the '251 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '251 Patent.  For example, Defendants, with knowledge that the Accused Products infringe the '251 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce direct infringement of the '251 Patent.  Alternatively, Defendants believed there was a high probability that others would infringe the '251 Patent but remained willfully blind to the infringing nature of others' actions.

35.     For example, Defendants have indirectly infringed and continue to indirectly infringe at least claim 24 of the '251 Patent in the United States because Defendants' customers

use the Accused Products, including at least the WeChat application and services in accordance with Defendants' instructions and thereby directly infringe at least claim 24 of the '251 Patent in violation of 35 U.S.C. § 271.   Defendants directly and/or indirectly intentionally instruct their customers to infringe through training videos, demonstrations, brochures, installations and/or user guides,   such   as   those   located   at   one   or   more   of   the   following: https://apps.apple.com/us/app/wechat/id414478124;

https://apps.apple.com/us/app/wechat/id414478124?platform=ipad                                                    ; https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwecha t.com%26utm_medium%3Ddesktop;    https://apps.microsoft.com/detail/xpfckbrnfzq62g?hl=en-us&gl=US;         https://help.wechat.com/oshelpcenter;         https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=&Channel=;

https://help.wechat.com/cgi-bin/micromsg-

bin/oshelpcenter?opcode=2&lang=en&plat=android&id=1703037JBzqu1703037vue22&Channe l=WeChatOfficialWebsite                         ;                         https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384                         ;                         https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384; and Defendants' agents and representatives located within this Judicial District.  Defendants are thereby liable for infringement of the '251 Patent under 35 U.S.C. § 271(b).   Alternatively, Defendants believed there was a high probability that others would infringe the '251 Patent but remained willfully blind to the infringing nature of others' actions.

36.     For example, Defendants' Accused Products allow users to share their locations and view other users' locations on a map and to communicate with those users via the WeChat application:



37.     For example, the exemplary Accused Products allow users to establish groups and to exchange messages via interaction with servers which provide the WeChat services, among other relevant services.  The exemplary Accused Products further allow users to retrieve map information from multiple sources, including street-view maps.

---

[6] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter



<sup>7</sup>

38.    The exemplary Accused Products are programmed to receive messages from other devices where those messages relate to joining groups, as depicted below:

---

<sup>7</sup> https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html#google_vignette



39.     The exemplary Accused Products are further programmed to facilitate participation in the group by communicating with a server and sending to and receiving location information, as depicted below:

---

8 https://help.wechat.com/cgi-bin/micromsg-
bin/oshelpcenter?t=help_center/topic_detail&opcode=2&plat=android&lang=en&id=160527U7
VFbI1605277ZjIby&Channel=



Share your real-time location in chats.

This feature allows a group of friends to share real-time updates on their location.
From within a chat, tap the "+" button, then **Location**, then choose **Real-time Location**. Now everyone will appear on a map together.
Aside from this, you can send your friends just a single location. Just choose **Send Location** instead.

Note: From the **Send Location** screen, you can search for specific locations like restaurants or movie theaters to show your friends where you are.

9

40.     This location information is presented on interactive displays on the exemplary Accused Products which include interactive maps and a plurality of user selectable symbols corresponding to other devices.   These symbols are positioned on the map at positions corresponding to the locations of the other devices, as depicted below:

---

9 https://help.wechat.com/cgi-bin/micromsg-
bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpc
enter#:~:text=Share%20your%20real%2Dtime%20location,appear%20on%20a%20map%20toge
ther.



[10]

---



41.     The exemplary Accused Products are programmed to permit users to request and display additional maps by, for example, moving the map screen and/or by selecting satellite image maps.  The exemplary Accused Products are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Products further permit data to be sent to other devices based on that interaction.

---

[11] https://apps.apple.com/us/app/wechat/id414478124?platform=ipad



42.     AGIS Software has suffered damages as a result of Defendants' direct and indirect infringement of the '251 Patent in an amount to be proved at trial.

43.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '251 Patent for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court.

---

[12] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html

## <u>COUNT III</u>
### (Infringement of the '838 Patent)

44.     Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

45.     AGIS Software has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, distribute, export from, or import any products that embody the inventions of the '838 Patent.

46.     Defendants have and continue to directly infringe at least claim 54 of the '838 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

47.     Defendants have and continue to directly infringe at least claim 54 of the '838 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

48.     Defendants have and continues to indirectly infringe at least claim 54 of the '838 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products and by instructing users of the Accused Products to perform methods claimed in the '838 Patent.  For example, Defendants, with knowledge that the Accused Products infringe the '838 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce direct infringement of the '838 Patent.

49.     For example, Defendants have indirectly infringed and continue to indirectly infringe at least claim 54 of the '838 Patent in the United States because Defendants' customers use the Accused Products, including at least the Family Safety Application and/or services, alone or in conjunction with additional Accused Products, in accordance with Defendants' instructions and thereby directly infringe at least one claim of the '838 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: https://apps.apple.com/us/app/wechat/id414478124; https://apps.apple.com/us/app/wechat/id414478124?platform=ipad                          ; https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwecha t.com%26utm_medium%3Ddesktop;    https://apps.microsoft.com/detail/xpfckbrnfzq62g?hl=en-us&gl=US;          https://help.wechat.com/oshelpcenter;           https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=&Channel=; https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&lang=en&plat=android&id=1703037JBzqu1703037vue22&Channe l=WeChatOfficialWebsite                          ;                          https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384                          ;                          https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384; and Defendants' agents and representatives located within this Judicial District.  Defendants are thereby liable for infringement of the '838 Patent under 35 U.S.C. § 271(b).

50.     For example, Defendants' Accused Products allow users to share their locations and view other users' locations on a map and to communicate with those users via the WeChat application.



51.     For example, the exemplary Accused Products allow users to establish groups and to exchange messages via interaction with servers which provide the WeChat services, among other relevant services.   The exemplary Accused Products further allow users to retrieve map information from multiple sources, including street-view maps.

---

[13] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter



52.    The exemplary Accused Products are programmed to receive messages from other devices where those messages relate to joining groups, as depicted below:

[14] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html#google_vignette



[15]

53.     The exemplary Accused Products are further programmed to facilitate participation in the group by communicating with a server and sending to and receiving location information, as depicted below:

---



54.     This location information is presented on interactive displays on the exemplary Accused Products which include interactive maps and a plurality of user selectable symbols corresponding to other devices.   These symbols are positioned on the map at positions corresponding to the locations of the other devices, as depicted below:

---

[16] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter#:~:text=Share%20your%20real%2Dtime%20location,appear%20on%20a%20map%20together.



[17]

---

[17] https://apps.apple.com/us/app/wechat/id414478124



[18]

55.    The exemplary Accused Products are programmed to permit users to request and display additional maps by, for example, moving the map screen and/or by selecting satellite image maps.  The exemplary Accused Products are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Products further permit data to be sent to other devices based on that interaction.

---

[18] https://apps.apple.com/us/app/wechat/id414478124?platform=ipad



[19]

56.     AGIS Software has suffered damages as a result of Defendants' direct and indirect infringement of the '838 Patent in an amount to be proved at trial.

57.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '838 Patent for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court.

---

[19] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html

## COUNT IV
### (Infringement of the '123 Patent)

58.     Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

59.     AGIS Software has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, distribute, export from, or import any products that embody the inventions of the '123 Patent.

60.     Defendants have and continue to directly infringe at least claim 23 of the '123 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

61.     Defendants have and continue to indirectly infringe at least claim 23 of the '123 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the infringing Accused Products and by instructing users of the Accused Products to perform at least the method of claim 23 in the '123 Patent.  For example, Defendants, with knowledge that the Accused Products infringe the '123 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce direct infringement of at least claim 23 of the '123 Patent in violation of 35 U.S.C. § 271(b).  Alternatively, Defendants believed there was a high probability that others would infringe the '123 Patent but remained willfully blind to the infringing nature of others' actions.

62.     For example, Defendants have indirectly infringed and continues to indirectly infringe at least claim 23 of the '123 Patent in the United States because Defendants' customers

use the Accused Products, including at least the WeChat application and/or services, alone or in conjunction with additional Accused Products in accordance with Defendants' instructions and thereby directly infringe at least one claim of the '123 Patent in violation of 35 U.S.C. § 271. Defendants directly and/or indirectly intentionally instruct their customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: https://apps.apple.com/us/app/wechat/id414478124; https://apps.apple.com/us/app/wechat/id414478124?platform=ipad                                    ; https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwecha t.com%26utm_medium%3Ddesktop;     https://apps.microsoft.com/detail/xpfckbrnfzq62g?hl=en- us&gl=US;          https://help.wechat.com/oshelpcenter;          https://help.wechat.com/cgi- bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=&Channel=; https://help.wechat.com/cgi-bin/micromsg- bin/oshelpcenter?opcode=2&lang=en&plat=android&id=1703037JBzqu1703037vue22&Channe l=WeChatOfficialWebsite                      ;                      https://help.wechat.com/cgi- bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384                      ;                      https://help.wechat.com/cgi- bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOffici alWebsite&detail=1004384; and Defendants' agents and representatives located within this Judicial District.  Defendants are thereby liable for infringement of the '123 Patent under 35 U.S.C. § 271(b).

63.    Alternatively, Defendants believed there was a high probability that others would infringe the '123 Patent but remained willfully blind to the infringing nature of others' actions. For example, Defendants directly infringe and/or indirectly infringe by instructing their customers

to infringe by a system comprising: a first device programmed to perform operations comprising: receiving a message sent by a second device, wherein the message relates to joining a group; based on receipt of the message sent by the second device, sending first location information to a first server and receiving second location information from the first server, the first location information comprising a location of the first device, the second location information comprising one or more locations of one or more respective second devices included in the group; sending, from the first device to a second server, a request for georeferenced map data; receiving, from the second server, the georeferenced map data; presenting, via an interactive display of the first device, a georeferenced map and one or more user-selectable symbols corresponding to one or more of the second devices, wherein the symbols are positioned on the georeferenced map at respective positions corresponding to the locations of the second devices represented by the symbols, and wherein the georeferenced map data relate positions on the georeferenced map to spatial coordinates; and identifying user interaction with the interactive display selecting a particular user-selectable symbol corresponding to a particular second device and user interaction with the display specifying an action and, based thereon, using an Internet Protocol to send data to the particular second device, wherein identifying the user interaction selecting the particular user-selectable symbol comprises: detecting user selection of a portion of the interactive display corresponding to a position on the georeferenced map, and identifying the particular user-selectable symbol based, at least in part, on coordinates of the selected position, comprising: searching a set of symbols for a symbol located nearest to the coordinates of the selected position, wherein the set of symbols includes the user-selectable symbols corresponding to the second devices in the group, and wherein data associated with the set of symbols include coordinates of portions of the display corresponding to the symbols in the set, and based on a result of searching the set of symbols,

identifying the particular user-selectable symbol as the symbol located nearest to the coordinates of the selected position, wherein the particular user-selectable symbol corresponds to the particular second device.  For example, the Accused Products include features, as shown below.

64.     For example, Defendants' Accused Products allow users to share their locations and view other users' locations on a map and to communicate with those users via the WeChat application.



65.     Additionally, the exemplary Accused Products allow users to establish groups and to exchange messages via interaction with servers which provide the WeChat services, among other relevant services.  The exemplary Accused Products further allow users to retrieve map information from multiple sources including street-view maps, as well as satellite renderings.

---

[20] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter



21

66.     The exemplary Accused Products are programmed to form and join groups by transmitting messages:

---

21 https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html#google_vignette



67.    The exemplary Accused Products are further programmed to facilitate participation in the groups by communicating with one or more servers and sending to and receiving location information, as depicted below:

---

22 https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?t=help_center/topic_detail&opcode=2&plat=android&lang=en&id=160527U7VFbI1605277ZjIby&Channel=



68.     The location information is presented on interactive displays on the exemplary Accused Products which include interactive maps and a plurality of user selectable symbols corresponding to other devices.  The symbols are positioned on the map at positions corresponding to the locations of the other devices, as depicted below:

---

[23] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpc enter#:~:text=Share%20your%20real%2Dtime%20location,appear%20on%20a%20map%20toge ther.





69.     The exemplary Accused Products are further programmed to permit users to request and display additional maps from additional servers by, for example, moving the map screen and/or by selecting satellite images or other types of maps.  The exemplary Accused Products are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Products further permit data to be sent to other devices based on that interaction.

---

25 https://apps.apple.com/us/app/wechat/id414478124?platform=ipad



70.     AGIS Software has suffered damages as a result of Defendants' direct and indirect infringement of the '123 Patent in an amount to be proved at trial.

71.     AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '123 Patent for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court.

<u>**COUNT V**</u>
**(Infringement of the '829 Patent)**

72.     Paragraphs 1 through 20 are incorporated herein by reference as if fully set forth in their entireties.

---

[26] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html

73.     AGIS Software has not licensed or otherwise authorized Defendants to make, use offer for sale, sell, distribute, export from, or import any products that embody the inventions of the '829 Patent.

74.     Defendants have and continue to directly infringe at least claim 34 of the '839 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the Accused Products without authority and in violation of 35 U.S.C. § 271(a).

75.     Defendants have and continue to indirectly infringe at least claim 34 of the '829 Patent by actively, knowingly, and intentionally inducing others to directly infringe, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, distributing, exporting from, and/or importing into the United States the infringing Accused Products and by instructing users of the Accused Products to perform at least the method of claim 34 in the '829 Patent.  For example, Defendants, with knowledge that the Accused Products infringe the '829 Patent at least as of the date of this Complaint, actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce direct infringement of at least claim 34 of the '829 Patent in violation of 35 U.S.C. § 271(b).  Alternatively, Defendants believed there was a high probability that others would infringe the '829 Patent but remained willfully blind to the infringing nature of others' actions.

76.     For example, Defendants have indirectly infringed and continue to indirectly infringe at least claim 34 of the '829 Patent in the United States because Defendants' customers use the Accused Products, including at least the WeChat applications and/or services, alone or in conjunction with additional Accused Products, in accordance with Defendants' instructions and thereby directly infringes at least one claim of the '829 Patent in violation of 35 U.S.C. § 271.

Defendants directly and/or indirectly intentionally instruct their customers to infringe through training videos, demonstrations, brochures, installations and/or user guides, such as those located at one or more of the following: https://apps.apple.com/us/app/wechat/id414478124; https://apps.apple.com/us/app/wechat/id414478124?platform=ipad                                        ; https://play.google.com/store/apps/details?id=com.tencent.mm&referrer=utm_source%3Dwechat.com%26utm_medium%3Ddesktop;     https://apps.microsoft.com/detail/xpfckbrnfzq62g?hl=en-us&gl=US;           https://help.wechat.com/oshelpcenter;          https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=&Channel=;

https://help.wechat.com/cgi-bin/micromsg-

bin/oshelpcenter?opcode=2&lang=en&plat=android&id=1703037JBzqu1703037vue22&Channel=WeChatOfficialWebsite                   ;                   https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOfficialWebsite&detail=1004384                   ;                   https://help.wechat.com/cgi-bin/newreadtemplate?t=help_center/topic_list&plat=android&lang=en&Channel=WeChatOfficialWebsite&detail=1004384; and through Defendants' agents and representatives located within this Judicial District.  Defendants are thereby liable for infringement of the '829 Patent under 35 U.S.C. § 271(b).

77.     Alternatively, Defendants believed there was a high probability that others would infringe the '829 Patent but remained willfully blind to the infringing nature of others' actions. For example, Defendants directly infringe and/or indirectly infringe by instructing their customers to infringe by a system comprising: a second device programmed to perform operations comprising: receiving from a first device via a first server, a request to join a group, wherein the group includes the first device; sending, to the first server, an indication of acceptance of the

request, wherein the first server is configured to join the first device to the group based on the acceptance of the request, and wherein joining the first device to the group comprises authorizing the first device to repeatedly share device location information and repeatedly engage in remote control operations with each device included in the group; sending a first message to the first server, wherein the first message comprises data identifying the first device and a request for a first updated location of the first device, and wherein the first server is configured to send a second message to the first device based on and in response to receiving the first message from the second device, wherein the second message comprises a request for the first updated location of the first device; after sending the first message, receiving, from the first server, a response to the first message, the response including first location information comprising the first updated location of the first device; receiving from a second server, georeferenced map data; presenting, via a display of the second device, a georeferenced map based on the georeferenced map data and a symbol corresponding to the first device; wherein the symbol is positioned on the georeferenced map at a first position corresponding to the first updated location of the first device, and wherein the georeferenced map data relate positions on the georeferenced map to spatial coordinates; after receiving the first location information and the georeferenced map data, and after presenting the georeferenced map and the symbol positioned on the georeferenced map at the first position corresponding to the first updated location of the first device, receiving second location information comprising a second updated location of the first device from the first server, and using the server-provided georeferenced map data and the second location information to reposition the symbol on the georeferenced map at a second position corresponding to the second updated location of the first device; and identifying user interaction with the display specifying an action and, based thereon, sending, to the first server, a third message related to remotely

controlling the first device to perform an action, wherein the first server is configured to send a fourth message to the first device based on receiving the third message from the second device, wherein the fourth message relates to remotely controlling the first device to perform the action, and wherein the first device is configured to perform the action based on receiving the fourth message.  For example, the Accused Products include features, as shown below.

78.     For example, Defendants' Accused Products allow users to share their locations and view other users' locations on a map and to communicate with those users via the WeChat application:



---

79.     Additionally, the exemplary Accused Products allow users to establish groups and to exchange messages via interaction with servers which provide the WeChat Application services, among other relevant services.



80.     The exemplary Accused Products are programmed to form and join groups by transmitting messages:

---

[28] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html#google_vignette



81.     The exemplary Accused Products are further programmed to facilitate participation in the groups by communicating with one or more servers and sending to and receiving location information, as depicted below:

---

[29] https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?t=help_center/topic_detail&opcode=2&plat=android&lang=en&id=160527U7VFbI1605277ZjIby&Channel=



82.     The location information is presented on interactive displays on the exemplary Accused Products which include interactive maps and a plurality of user selectable symbols corresponding to other devices.  The symbols are positioned on the map at positions corresponding to the locations of the other devices, as depicted below:

---

30 https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&id=160527amaar71605273ii6b3&lang=en&plat=2&Channel=helpcenter#:~:text=Share%20your%20real%2Dtime%20location,appear%20on%20a%20map%20together



31

---



83.     The exemplary Accused Products are further programmed to permit users to request and display additional maps from additional servers by, for example, moving the map screen and/or by selecting satellite images or other types of maps.  The exemplary Accused Products are further programmed to permit interaction with the display where a user may select one or more symbols and where the exemplary Accused Products further permit data to be sent to other devices based on that interaction.

---

[32] https://apps.apple.com/us/app/wechat/id414478124?platform=ipad



84.    AGIS Software has suffered damages as a result of Defendants' direct and indirect infringement of the '829 Patent in an amount to be proved at trial.

85.    AGIS Software has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '829 Patent for which there is no adequate remedy at law unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

---

[33] https://www.fonearena.com/blog/101821/wechat-introduces-real-time-location-sharing-feature.html

## **PRAYER FOR RELIEF**

WHEREFORE, AGIS Software prays for relief against Defendants as follows:

a.　　Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.　　Entry of judgment declaring that Defendants' infringement of the Patents-in-Suit have been willful and deliberate;

c.　　An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the Patents-in-Suit;

d.　　An order awarding damages sufficient to compensate AGIS Software for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

e.　　An order awarding AGIS Software treble damages under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Patents-in-Suit;

f.　　Entry of judgment declaring that this case is exceptional and awarding AGIS Software its costs and reasonable attorney fees under 35 U.S.C. § 285; and

g.　　Such other and further relief as the Court deems just and proper.

Dated:  September 9, 2024　　　　　　　　Respectfully submitted,

　 */s/ Alfred R. Fabricant*　　　　　　
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email:  plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email:  vrubino@fabricantllp.com

**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

*ATTORNEYS FOR PLAINTIFF*
*AGIS SOFTWARE DEVELOPMENT LLC*